MARCIA HURD
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989


ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. WILLIAM MICHAEL NEWMAN, Defendant. | CR 06-43-GF-SEH <br><br> **OFFER OF PROOF** |
|---|---|

Plaintiff, United States of America, by and through its counsel of record, Marcia Hurd, Assistant United States Attorney for the District of Montana, hereby files its Offer of Proof.

## THE CHARGE

The defendant, WILLIAM MICHAEL NEWMAN, is charged by Indictment with Receipt and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B). He is also charged with a related forfeiture count.

## PLEA AGREEMENT

There is a plea agreement in the case. NEWMAN will plead guilty to Counts I and II and admit the forfeiture count.

## ELEMENTS OF THE CHARGES TO WHICH HE WILL ENTER A PLEA

In order for the defendant to be found guilty of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), the United States must prove each of the following elements beyond a reasonable doubt:

> First, that defendant knowingly received a visual depiction in interstate or foreign commerce by any means, including a computer;
>
> Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
> Third, that such visual depiction was of a minor engaged in sexually explicit conduct;
>
> Fourth, that defendant knew that such visual depiction was of sexually explicit conduct; and
>
> Fifth, defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

In order for the defendant to be found guilty of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the United States must prove each of the following elements beyond a reasonable doubt:

> First, that defendant knowingly possessed computer disks or any other material which defendant knew contained visual depictions of minors engaged in sexually explicit conduct;
>
> Second, defendant knew the visual depictions contained in the computer disks or any other material contained minors engaged in sexually explicit conduct;
>
> Third, defendant knew that production of such visual depictions involved use of minor in sexually explicit conduct; and
>
> Fourth, that each visual depiction had been either
>
>> (a) mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or
>>
>> (b) produced using material that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

In order for property to be forfeited pursuant to Count III, the United States would need to prove that certain property or proceeds were used to facilitate the commission of the offenses in Counts I and II.

## PENALTY

The charge in Count I carries a mandatory minimum of five years and a maximum of 20 years imprisonment, $250,000 fine, and a lifetime of supervision. The charge in Count II carries a maximum of 10 years imprisonment, $250,000 fine, and a lifetime of supervision. The forfeiture in Count III carries a forfeiture of the property specified.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

The Wyoming Internet Crimes Against Children Taskforce initiated an undercover operation targeting peer to peer file sharing networks offering child pornography. In February through April of 2005, a computer utilizing the IP address later found to be assigned to defendant WILLIAM MICHAEL NEWMAN, then residing at 1045 Conrad Drive, Space 97 in Kalispell, MT offered to participate in the distribution of child pornography. Subsequent investigation revealed that NEWMAN had moved from that residence to 6 6th Street South, Apt. #405, Great Falls, Montana.

On January 12, 2006, ICE agents conducted a knock and talk at NEWMAN'S new residence in Great Falls. NEWMAN gave the agents permission to search his computer for images of child pornography and told them there could be questionable images there. Found during the preliminary search of NEWMAN'S computer were images of child pornography. NEWMAN admitted that he knew the children in the photographs were under the age of eighteen and that they constituted child pornography.

Forensic analysis of NEWMAN's computer revealed numerous images of children engaged in sexually explicit conduct. When questioned, NEWMAN admitted his role in receiving and possessing child pornography on his computer via the Internet.

The testimony would include the statements taken during the investigation, as well as the testimony of the various law enforcement personnel and computer

examiners. Various items of evidence including child pornography would be introduced at trial.

DATED this 13th day of September, 2006.

WILLIAM W. MERCER
United States Attorney

__/s/ Marcia Hurd_____
MARCIA HURD
Assistant U.S. Attorney