IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM MICHAEL NEWMAN,<br><br>Defendant. | CR 06-43-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant William Michael Newman (Newman) has been accused of violating the conditions of his supervised release. Newman admitted alleged violations 1, 2, 3, 4, 5 and 7. Newman denied alleged violations 6 and 8. The Court dismissed alleged violations 6 and 8 on the government's motion. Newman's supervised release should be revoked. Newman should be placed in custody for 5 months, with no supervised release to follow. The Bureau of Prisons should place Newman in a facility that can accommodate his medical needs.

## II. Status

Newman pleaded guilty to Receipt of Child Pornography, and Possession of Child Pornography on September 14, 2006. (Doc. 40). The Court sentenced

Newman to 115 months of custody, followed by 5 years of supervised release. (Doc. 54). Newman's current term of supervised release began on December 17, 2021. (Doc. 142 at 2).

**Petition**

The United States Probation Office filed a Petition on May 12, 2023, requesting that the Court revoke Newman's supervised release. (Doc. 142). The Petition alleged that Newman had violated the conditions of his supervised release: 1) by failing to report for sex offender treatment on two separate occasions; 2) by failing to comply with his substance abuse testing requirements; 3) by knowingly having contact with a convicted felon; 4) by committing another crime on two separate occasions; 5) by failing to follow the instructions of his probation officer; and 6) by possessing more than one device that is capable of assessing the internet.

**Initial appearance**

Newman appeared before the undersigned for his initial appearance on June 13, 2023. Newman was represented by counsel. Newman stated that he had read the petition and that he understood the allegations. Newman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

2

**Revocation hearing**

The Court conducted a revocation hearing on June 13, 2023. Newman admitted that he had violated the conditions of his supervised release: 1) by failing to report for sex offender treatment on two separate occasions; 2) by failing to comply with his substance abuse testing requirements; 3) by knowingly having contact with a convicted felon; 4) by committing the crime described in alleged violation 5; and 5) by possessing more than one device that is capable of assessing the internet. Newman denied alleged violations 6 and 8. The Court dismissed alleged violations 6 and 8 on the government's motion. The violations that Newman admitted are serious and warrant revocation of Newman's supervised release.

Newman's violations are Grade C violations. Newman's criminal history category is III. Newman's underlying offenses are Class C felonies. Newman could be incarcerated for up to 24 months. Newman could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Newman's supervised release should be revoked. Newman should be incarcerated for 5 months, with no supervised release to follow. This sentence is

sufficient but not greater than necessary. The Bureau of Prisons should place Newman in a facility that can accommodate his medical needs.

## IV. Conclusion

The Court informed Newman that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Newman of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Newman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That William Michael Newman violated the conditions of his supervised release by: by failing to report for sex offender treatment on two separate occasions; by failing to comply with his substance abuse testing requirements; by knowingly having contact with a convicted felon; by committing the crime described in alleged violation 5; and by possessing more than one device that is capable of assessing the internet.

The Court **RECOMMENDS:**

> That the District Court revoke Newman's supervised release and commit Newman to the custody of the United States Bureau of Prisons for 5 months, with no supervised release to follow. The Bureau of Prisons should place Newman in a facility that can accommodate his medical needs.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of June, 2023.

_____
John Johnston
United States Magistrate Judge